Filed 4/26/21  P. v. Barnes CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B304653 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA479377) |
| v. | |
| LC BARNES, | |
| Defendant and Appellant. | |

---

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael D. Abzug, Judge.  Affirmed.

Jerome J. Haig, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

A jury convicted LC Barnes of attempted second degree robbery. The trial court sentenced him to an aggregate term of six years in state prison. On appeal, Barnes contends that the trial court abused its discretion in denying his motion to dismiss his prior qualifying conviction under the Three Strikes Law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12[1]), which doubled his sentence. We find the trial court did not abuse its discretion, and thus, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Evidence Supporting the Jury's Verdict

On July 9, 2019, Rosa Camperos was selling jewelry from a table at the corner of Fifth Street and Los Angeles Street in the City of Los Angeles. Barnes, who was in a wheelchair, approached the table and grabbed a display stand holding about 20 necklaces; each necklace had a retail value of about $20 to $25. Camperos and Barnes struggled over the display stand for several minutes as she tried to retrieve it from him. In the course of the struggle, Barnes grabbed a metal footrest from his wheelchair and swung it at Camperos's head.

Camperos yelled for help, and two neighboring vendors came to assist her. Barnes and one of the neighboring vendors struggled over the necklaces until the vendor was able to take them away from Barnes. Barnes left the scene; the police subsequently apprehended him.

---

[1] Subsequent unspecified statutory references are to the Penal Code.

**B.  Barnes Requests the Trial Court to Dismiss His Prior Strike Conviction**

A jury found Barnes guilty of attempted robbery (§§ 211, 664).  The trial court found true an allegation that Barnes had been convicted of assault with a deadly weapon (§ 245, subd. (a)(1)) on June 11, 2014, for which he had been sentenced to three years in prison (the "prior strike conviction").  Under the Three Strikes law, this prior strike conviction required that the trial court double Barnes's sentence for his current conviction.  (§ 667, subd. (e)(1).)

For purposes of sentencing, Barnes filed a motion requesting that the trial court exercise its discretion to dismiss his prior strike conviction pursuant to section 1385, subdivision (a) and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530 (*Romero*).  Barnes argued doing so was in the furtherance of justice because his current conviction was for a minor and non-violent crime; he would be subject to an unjust sentence if the prior strike was not dismissed; and he suffered from schizophrenia and homelessness, mitigating against imposing a longer sentence.  Barnes's counsel also submitted a report by psychiatrist Rebecca L. Crandall, finding that Barnes suffered from schizophrenia.

On January 29, 2020, the trial court denied Barnes's *Romero* motion.  The court observed that both the victim in the 2014 offense and the victim in the current offense were vulnerable.  Further, since the 2014 strike conviction, Barnes had incurred other convictions, including one in 2017 for which he

received "another three-year sentence."[2]  Although Barnes had received repeated grants of probation since 1985, he had nine separate prior prison commitments ranging from 16 months to three years.  Barnes committed the instant offense while on parole.

The trial court acknowledged Barnes suffered from a mental health condition, but stated it had to balance compassion for Barnes with compassion for the vulnerable members of society on which he had repeatedly preyed.

The court sentenced Barnes to the high term of three years for attempted second degree robbery and doubled the sentence under section 667, subdivision (e)(1) due to the prior strike conviction, for a total sentence of six years.[3]  Barnes timely appealed.

## DISCUSSION

### A.  Legal Framework and Standard of Review

Section 1385, subdivision (a) permits a judge, in the furtherance of justice, to dismiss an action on his or her own motion.  In *Romero,* our Supreme Court held "the power to dismiss an action" under section 1385, subdivision (a), "includes

---

[2] It appears this was a reference to a conviction for failure to comply with the sex offender registration requirements. (§ 290.015, subd. (a).)  It is unclear from the record whether Barnes was sentenced to state prison or to county jail under section 1170, subsection (h).

[3] The trial court exercised its discretion to dismiss the allegation that the prior conviction also subjected Barnes to a sentencing enhancement pursuant to section 667, subdivision (a)(1).

the lesser power to strike . . . allegations" or vacate findings "relevant to sentencing, such as the allegation" or finding "that a defendant has prior felony convictions." (*Romero, supra*, 13 Cal.4th at p. 504.) In particular, a trial court may strike an allegation or vacate a finding that a defendant previously had been convicted of a felony that qualified as a strike under the Three Strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 151-152, citing *Romero, supra*, at p. 504.)

The decision whether to dismiss a prior strike conviction is subject to the trial court's discretion. (*Romero, supra*, 13 Cal.4th at p. 530.) In order to exercise the discretion afforded to it, a trial court must determine "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams, supra*, 17 Cal.4th at p. 161.)

A trial court's decision not to strike a prior conviction under section 1385 is reviewed under a "deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be

reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at pp. 376-377.)

**B. The Trial Court Did Not Abuse Its Discretion in Declining to Dismiss Barnes's Prior Strike Conviction**

Barnes fails to demonstrate the trial court acted irrationally or arbitrarily in finding that he did not fall outside the spirit of the Three Strikes sentencing scheme.

First, the nature and circumstances of Barnes's current offense do not weigh in favor of striking his prior conviction. (*People v. Williams*, *supra*, 17 Cal.4th at p. 161.) The trial court reasonably found that the current offense was a serious one involving a vulnerable victim. In attempting to rob Camperos, Barnes struggled with her and threatened to hit her in the head with a metal wheelchair footrest.

Second, as a multiple repeat offender, Barnes falls squarely within the purpose of the Three Strikes law. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377 [observing the Three Strikes law, " 'was intended to restrict courts' discretion in sentencing repeat offenders' "].) Barnes has a criminal history spanning over 30 years, during which time he was sentenced to prison nine times. His convictions include multiple felony convictions for theft and drug related offenses, one felony vandalism conviction, one misdemeanor conviction for battery, and multiple misdemeanor

convictions for resisting arrest and theft.[4]  Prior leniency in his sentencing has not inspired an end to Barnes's criminal behavior. To the contrary, after serving his three-year sentence for the 2014 strike conviction, Barnes was on parole when he attempted to rob Camperos.  Even if some of Barnes's previous convictions could be considered less serious, as his counsel argues, "a defendant who falls squarely within the law's letter does not take himself outside its spirit by the additional commission of a virtually uninterrupted series of nonviolent felonies and misdemeanors over a lengthy period." (*People v. Strong* (2001) 87 Cal.App.4th 328, 331.)

Third, we cannot say that the trial court acted irrationally or arbitrarily in finding the particulars of Barnes's background, character, and prospects did not weigh in favor of dismissing his prior strike conviction.  (*People v. Williams*, *supra*, 17 Cal.4th at p. 161.)  Although Barnes may suffer from schizophrenia and homelessness, these issues alone did not require the trial court to strike his prior felony.  (See *People v. Carrasco* (2008) 163 Cal.App.4th 978, 993-994 [finding the trial court did not abuse its discretion in determining a defendant who suffered from mental illness did not fall outside the Three Strikes scheme]; cf. *People v. Dryden* (2021) 60 Cal.App.5th 1007, 1031, petn. for review pending, petn. filed Mar. 26, 2021, S267859 [finding the trial court abused its discretion when declining to strike three prior strike convictions in sentencing a defendant who suffered from mental illness when the resulting sentence was tantamount to life in prison and thus excessive under the circumstances].)  The

---

[4] The probation report prepared for sentencing reflects a total of 28 convictions.

7

trial court acknowledged that Barnes's condition invoked compassion; yet, given Barnes's recidivist history, it acted reasonably in weighing its compassion for Barnes against the interests of vulnerable victims and the community.  The six-year sentence it imposed was not excessive.

Accordingly, we conclude the trial court did not abuse its discretion in denying Barnes's request to dismiss his prior strike conviction.

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED


FEDERMAN, J.*


We concur:



ROTHSCHILD, P. J.



BENDIX, J.

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.